UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 12-2312

SUN CAPITAL PARTNERS III, LP; SUN CAPITAL PARTNERS III QP, LP; SUN CAPITAL PARTNERS IV, LP

Plaintiffs - Appellees

v.

NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND

Defendant - Appellant

SCOTT BRASS HOLDING CORP.; SUN SCOTT BRASS, LLC

Third Party Defendants

**APPELLEES' REPLY IN SUPPORT OF MOTION TO STRIKE
A PORTION OF APPELLANT'S REPLY BRIEF**

Appellant the New England Teamsters & Trucking Industry Pension Fund (the "Teamsters") misstates the law in suggesting that an argument raised for the first time in a reply brief will be deemed waived only if it involves "presenting new facts or new claims" — by which the Teamsters apparently mean a new claim for relief. May 30, 2013 Teamsters' Opp. to Mot. to Strike at 2 ("Teamsters' Opp."). And the Teamsters plainly misstate the litigation history of this matter in asserting that "[t]he Appellant's Reply Brief did not set forth any new argument." *Id*.

Contrary to the Teamsters' suggestion, the waiver doctrine is not limited to instances in which a reply brief "contains . . . new facts or evidence [or] present[s] . . . new claims." *Id.* at 4. This Court has "consistently held that *arguments* not raised in the initial appellate legal brief are considered waived." *Gove v. Career Sys. Dev. Corp.*, 689 F.3d 1, 5 (1st Cir. 2012) (quoting *United States v. Capozzi*, 486 F.3d 711, 719 n. 2 (1st Cir. 2007)) (emphasis added). That means that, where an appellant could potentially assert two or more legal theories on appeal to show that a particular holding of the district court was erroneous, the appellant must raise *all* of those theories supporting its claim of error in its opening brief. It cannot simply hold one legal theory back to be raised in its reply. *See, e.g.*, *id.* at 5-6 (holding that the appellant, having argued in its opening brief that an arbitration clause was enforceable under state-law rules of contract interpretation, waived any argument that the clause should be enforced in light of the federal policy favoring arbitration); *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 87 (1st Cir. 1990).

This requirement is critical because, when "a theory . . . emerges for the first time in the appellant's reply brief," "the appellee is given no fair chance to respond … and the court of appeals is left with but one side of a two-sided story." *Id*. The rule that the court will not consider new arguments raised in reply "is not a mere technical requirement of form over substance." *United States v. Gomez*, 921 F.2d

378, 386 n.6 (1st Cir. 1990). It ensures that the Court is not "deprived of helpful briefing" "because appellee [has] no right to reply to a reply brief." *Id.* Refusal to consider arguments raised for the first time on reply serves the "the primary purpose" of ensuring "fairness to the opposing party" and also "preserve[s]" "scarce judicial resources." *Id.*

In addition, to press an argument on appeal, an appellant must first have presented the argument to the district court. *See, e.g.*, *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 22 (1st Cir. 1991). "It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal." *Id.* Failure to abide by this rule "deprives [the] appellate tribunal of both a properly developed record and the district judge's insights into the point." *Sandstrom*, 904 F.2d at 87.

Here, the Teamsters' reply brief set forth new arguments in two respects.

*First*, the Teamsters put forward for the first time an "alternative" analysis, May 10, 2013 Reply Br. of Defendant-Appellant at 1 n.3 ("Appellant's Reply Br."), purporting to show that appellees the Sun Funds should be treated as "trades or businesses" even under the test announced in tax cases such as *Higgins v. Commissioner*, 312 U.S. 212 (1941), and *Whipple v. Commissioner*, 373 U.S. 193 (1963). The course of the pleading here is straightforward. The district court squarely held that the Sun Funds were not "trades or businesses" under *Higgins*

3

and *Whipple*. *See* Oct. 18, 2012 Mem. and Order [DCt. Dkt. #105] at 12–15. In their opening brief on appeal, the Teamsters could have assigned error to that holding by arguing (among other things): (a) that the district court was relying on the wrong cases; and/or (b) that, even if *Higgins* and *Whipple* applied, the district court misapplied those decisions. The Teamsters limited their opening brief to argue solely point (a) as they asserted that the district court erred by applying *Higgins* and *Whipple*, which properly should be "distinguished" so as not to apply here. Jan. 29, 2013 Br. of Defendant-Appellant at 16 ("Appellant's Br."). They argued that the district court should have followed the PBGC and applied the "the *Groetzinger* test" instead. *Id.* at 13–24.[1]

It was only in their reply brief that the Teamsters decided to change tack and present a new theory for showing error in the decision below based on the argument that the district court misapplied the *Higgins*/*Whipple* standard. The Teamsters themselves candidly acknowledged in a footnote that their reply sets out an "alternative . . . analysis" for assigning error that was *not* included in their opening brief. Appellant's Reply Br. at 1 n. 3. That is not permissible. And the Teamsters cannot salvage their approach by asserting that they were merely

---

[1] The Teamsters' argument in their opening brief that the District Court erred in refusing to attribute the management activities of those hired by a subsidiary of the general partners of the Funds at the behest of the Board of Directors to the Funds themselves, *see* Appellant's Br. at 18–19, was not a separate argument under *Higgins* and *Whipple*. It was a necessary step for them to establish liability under their original "investment plus" theory.

responding to the Sun Funds' arguments based on *Higgins* and *Whipple*. *See* Teamsters' Opp. at 5. The district court based its holding on *Higgins* and *Whipple*. If the Teamsters wanted to argue on appeal that that holding was erroneous because the district court misapplied *Higgins* and *Whipple*, they had to raise that theory in their opening brief.

*Second*, and more importantly, the reply brief also presented for the first time the theory that the Sun Funds are trades or businesses because they "engag[e] in a regular course of 'promoting' corporations for a fee or a profit on their sale." Appellant's Reply Br. at 6. That theory for showing a trade or business was raised neither in the district court nor in the Teamsters' opening brief on appeal. In the district court, the Teamsters argued that the Sun Funds were more than investors because they "participate[d] in and influence[d] the *management* of [Scott Brass, Inc.]." Oct. 12, 2011 Teamsters' Opp. to Mot. for S.J. [DCt. Dkt. #91] at 2–5 (emphasis added). There is no suggestion in the briefs below that the Sun Funds were engaged in the trade or business of "promoting" companies for sale, and thus the district court never addressed such a theory. Similarly, there is no mention of that theory in the Teamsters' opening brief.

Instead, it was only after the Sun Funds had submitted their responsive brief on appeal and no longer had any opportunity to respond that the Teamsters surfaced for the first time the theory that the Sun Funds purportedly "engag[e] in a

5

regular course of 'promoting' corporations for a fee or a profit on their sale," Appellant's Reply Br. at 6. It was far too late in the day for the Teamsters to present a new theory at that point. Contrary to the Teamsters' assertions, Teamsters' Opp. at 7, it makes no difference whether the Teamsters may be able to hunt through the record now to find bits of evidence that (they claim) could be cobbled together in support of this new "promoting businesses for sale" theory. The critical point is that the Teamsters never attempted to pull such material from the record together into an argument before now[2] and it is too late to do so in a reply brief.[3] If that were permitted, the Sun Funds would have no opportunity whatsoever to show how this supposed evidence actually does not support the Teamsters new theory or how the theory is otherwise flawed.

Having selected the arguments they wished to make, the Teamsters must live with those choices. *Cf. Gove*, 689 F.3d at 5–6 (refusing to "consider arguments

---

[2] The Teamsters' citation to page 28 of their opening brief does not remotely show that anything resembling the new "promoting businesses for sale" theory was advanced before now. The passage they cite appears in the portion of their argument addressing "evade or avoid" under section 1392(c) and asserted that, because the Sun Funds typically hold their investments for a limited time period, they "understood the inevitability that SBI (and consequently the [Sun Funds]) would incur withdrawal liability when SBI was sold." Appellant's Br. at 28. That has nothing to do with arguments about "trade or business" status.

[3] It is well settled that it is the *appellee* who may "defend a favorable judgment on any ground made apparent by the record." *United States v. Matthews*, 643 F.3d 9, 12 (1st Cir. 2011). An *appellant* cannot wait until his reply brief to attack the judgment below by pulling together parts of the record in support of a new argument that was presented neither to the court below nor in the opening brief.

based on the federal policy" where the appellant in its opening brief "confin[ed] itself instead to arguments of contract interpretation under Maine law").[4]

Accordingly, appellees respectfully request that the Court strike the portion of the Teamsters' reply brief that sets forth new argument or, at a minimum, that the Court not consider the new arguments in resolving this appeal.

---

[4] The Teamsters have not even attempted to argue that "exceptional circumstances," *Rubin v. Islamic Republic of Iran*, 709 F.3d 49, 54 (1st Cir. 2013), justified their belated arguments.

June 4, 2013                                    Respectfully submitted,

                                                  /s/ Patrick F. Philbin
                                            Patrick F. Philbin
                                            Kellen S. Dwyer
                                            John S. Moran
                                            KIRKLAND & ELLIS LLP
                                            655 Fifteenth Street, NW
                                            Washington, D.C. 20005
                                            (202) 879-5000

                                            John F. Hartmann
                                            Marla Tun
                                            Jeffrey S. Quinn
                                            KIRKLAND & ELLIS LLP
                                            300 North LaSalle Street
                                            Chicago, IL  60654
                                            (312) 862-2000

                                            Theodore J. Folkman
                                            MURPHY & KING, P.C.
                                            One Beacon St.
                                            Boston, MA  02108
                                            (617) 423 0400

                                            *Counsel for Plaintiffs - Appellees*
                                            *Sun Capital Partners III, LP,*
                                            *Sun Capital Partners III QP, LP and*
                                            *Sun Capital Partners IV, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2013, a copy of the foregoing Reply in Support of Motion to Strike a Portion of Appellant's Reply Brief was filed with the Clerk of Court using the CM/ECF system, which will send a notice of docket activity to counsel for Defendant-Appellant.

Dated: June 4, 2013

                                                  /s/ Patrick F. Philbin

                                                  Patrick F. Philbin